OPINION OF THE COURT
Allan L. Winick, J.
Defendant moves to adjudge plaintiff to be in contempt of this court for his alleged refusal to comply with orders of this court, to enter a judgment against plaintiff and for an award of counsel fees.
*389 The court in its pendente lite decision (Winick, J., Apr. 20, 1990) directed defendant to pay maintenance in the amount of $100 per week and child support in the amount of $100 per week per child, for a total of $200 per week. The court also directed plaintiff to pay numerous carrying charges with respect to the marital residence.
Defendant contends that plaintiff has not paid any child support or maintenance for a period of 16 weeks (Oct. 10, 1993 to Jan. 18, 1994), which amounts to $4,800. Plaintiff has also failed to pay four months of telephone bills, totalling $300; three months gardening expenses in the amount of $324; four months automobile insurance in the amount of $793.10; three months automobile lease payments ($1,315.68 plus late charges of $300); LILCO — $639.92; and cablevision in the amount of $165.12. These were expenses plaintiff was directed to pay pursuant to the order. Defendant also did not pay dental charges of $55 and sleep-away camp deposits of $1,000. Defendant has paid out of her own pocket the following expenses, which were plaintiff’s obligation, as directed by this court, and evidenced by copies of checks which were attached: (1) cablevision — $38.61; (2) LILCO — $177.
In opposition to this application, counsel for plaintiff does not address the merits. He makes the argument that this court does not have jurisdiction over the plaintiff. The order to show cause (Goldstein, J., Jan. 18, 1994) permitted service to be accomplished pursuant to CPLR 2103 (b) (5) or (6).
CPLR 2103 (b) (5) and (6) provide for service upon an attorney as stated below:
"(b) Upon an attorney. Except where otherwise prescribed by law or order of court, papers to be served upon a party in a pending action shall be served upon the party’s attorney. Where the same attorney appears for two or more parties, only one copy need be served upon the attorney. Such service upon an attorney shall be made: * * *
"5. by transmitting the paper to the attorney by electronic means, provided that a telephone number or other station or other limitation, if any, is designated by the attorney for that purpose. Service by electronic means shall be complete upon the receipt by the sender of a signal from the equipment of the attorney served indicating that the transmission was received, and the mailing of a copy of the paper to that attorney. The designation of a telephone number or other station for service by electronic means in the address block *390 subscribed on paper served or filed in the course of an action or proceeding shall constitute consent to service by electronic means in accordance with this subdivision. An attorney may change or rescind a number or address designated for service of documents by serving a notice on the other parties; or
"6. by dispatching the paper to the attorney by overnight delivery service at the address designated by the attorney for that purpose or, if none is designated, at the attorney’s last known address. Service by overnight delivery service shall be complete upon deposit of the paper enclosed in a properly addressed wrapper into the custody of the overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery. Where a period of time prescribed by law is measured from the service of a paper and service is by overnight delivery, one business day shall be added to the prescribed period. ’Overnight delivery service’ means any delivery service which regularly accepts items for overnight delivery to any address in the state.”
Defendant served the order to show cause pursuant to CPLR 2103 (b) (5) according to the affidavit of service dated January 20, 1994. The choice of service was defendant’s counsel to make. Since defendant’s counsel selected CPLR 2103 (b) (5), it was his obligation to be sure that service by that means would insure jurisdiction of this plaintiff. When Justice Goldstein signed the order to show cause, he had no way of knowing whether plaintiff’s counsel authorized service by electronic means.
Counsel for plaintiff argues that no consent was ever given by him for service by electronic means or facsimile. He argues that his litigation backs are blank with respect to a "facsimile transmission” and, therefore, no consent can be implied.
Counsel for defendant attaches a facsimile cover letter which provides a number to send papers via electronic means. Counsel for plaintiff has served affidavits in the past by this method. Additionally, plaintiff’s counsel’s stationery prominently displays a facsimile number of (718) 858-2508.
The question here is whether an attorney, by including a facsimile number on his or her stationery, has consented to service by "electronic means”. Furthermore, by using a facsimile and including a cover sheet with a facsimile number upon it, does counsel, as a result, consent to service by electronic means?
*391 Joseph M. McLaughlin in the Supplementary Practice Commentaries to this section (McKinney’s Cons Laws of NY, Book 7B, CPLR C2103:2, 1994 Pocket Part, at 249-250) states that there are problems with this 1989 amendment which provided for service by this method. An examination of the relevant portion of subdivision (b) (5) (first sentence) provides for service by electronic means provided that a "telephone number or other station or other limitation, if any, is designated by the attorney for that purpose”. The statute further provides that "the designation of a telephone number or other station for service by electronic means in the address block subscribed on a paper served or filed in the course of the action or proceeding shall constitute consent to service by electronic means in accordance with this subdivision” (emphasis added). The form of paper served or filed in the course of an action is delineated in CPLR 2101. Correspondence and a transmittal fax sheet are not papers which are served and filed in the course of an action. These are papers which are used for correspondence between counsel. Correspondence, even if addressed to the court, is not a paper which would be necessarily filed with the clerk of the court. The statute refers to affidavits, pleadings and the likes which have a litigation back attached to them.
Nothing is demonstrated to this court that counsel for plaintiff has consented to service by facsimile. Apparently, counsel’s affidavit with a blue back (a paper which could be served and filed with the court) does not designate a facsimile number. As Judge McLaughlin aptly points out, attorneys can probably avoid service by facsimile by simply not placing a facsimile number on a litigation paper. That is what was done here.
Although this court is not happy with the allegations made with respect to the noncompliance of its order, this court is without jurisdiction to entertain this application.
The motion is denied without prejudice.